IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MORTON, ID # 07062322, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-0367-P (BH) |
| | ) | |
| DALLAS COUNTY, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge a Dallas County conviction for delivery of a controlled substance in Cause No. F07-30698. He names Dallas County as respondent.

B. Procedural History

On November 5, 2008, petitioner was convicted of delivery of a controlled substance in Cause No. F07-30698. (*See* Pet. Writ of Habeas Corpus (Pet.) at 2.) He claims to have appealed that conviction on November 21, 2008, but does not know the result of the appeal. (*Id.*) In an envelope post-marked November 25, 2008, he mailed this federal petition to the "George Allen Court Bldg." (*See* Envelope, attached to scanned version of Pet. as page 9.) That court forwarded the filing to the Court of Appeals Fifth District of Texas at Dallas, which in turn forwarded the filing

to this Court.  (*See* Envelopes, attached to scanned version of Pet. as pages 10 and 11.)  Petitioner has filed no petition for discretionary review related to his conviction.  (Pet. at 2.)  Although he purports to have filed something other than a direct appeal related to his convictions, he provides no identifying information for such other filings.  (*Id.* ¶¶ 10-11.)

## II.  EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner purports to have appealed his conviction and to have filed some other unspecified filing related to his conviction.  The relevant web sites for the intermediate court of appeals and the Texas Court of Criminal Appeals show no appeal or state habeas application regarding petitioner's conviction, however.  Whether or not petitioner has an appeal or other filing pending, it is clear that the Texas Court of Criminal Appeals  has not issued any ruling on any filing by petitioner.  He has thus not exhausted his state remedies.

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d

233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Because the Texas Court of Criminal Appeals has had no opportunity to review the claims raised in this action, a ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 27th day of February, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE